1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  David Shein (SBN 230870)
   david@donigerlawfirm.com
3  DONIGER / BURROUGHS
4  603 Rose Avenue
   Venice California 90291
5  Telephone: (310) 590-1820
6  Attorneys for Plaintiff

7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>C LUCE, INC. d/b/a T.C.E.C., a California Corporation; THE MINT JULEP BOUTIQUE, LLC, an Alabama Limited Liability Company; MILLS MERCANTILE, LLC, a Texas Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and

…

1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant C LUCE, INC ("TCEC"), a corporation organized and existing under the laws of the State of California with its principal place of business located at 1001 Towne Ave, Unit 108, Los Angeles, CA 90021.

6. Plaintiff is informed and believes and thereon alleges that Defendant THE MINT JULEP BOUTIQUE, LLC ("MINT"), a corporation organized and existing under the laws of the State of Alabama with its principal place of business located at 1750 Opelika Road, Suite A, Auburn, AL 368307.

7. Plaintiff is informed and believes and thereon alleges that Defendant MILLS MERCANTILE, LLC ("MILLS"), a limited liability company organized and existing under the laws of the State of Texas with its 109 N. Goliad Street, Rockwall, TX 75087 and is doing business in and with the State of California.

8. Defendants DOES 1 through 10 (together with TCEC, MINT, and MILLS , "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

10. Plaintiff did not know or have reason to know of any of Defendants' infringing conduct prior to three years before the filing of this Complaint.

## CLAIMS RELATED TO DESIGN 70083

11. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 70083 (the "Subject Design") which has been registered with the United States Copyright Office under Registration No. VA 1-904-150.

12. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

13. Plaintiff is informed and believes and thereon alleges that TCEC, MINT, MILLS, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring reproductions of the Subject Design or designs which are substantially similar to Subject Design (hereinafter "Offending Products"). The Offending Products include but is not limited to the garments sold as follows:

   a. By MINT, bearing the label "TCEC," under Style No. CD03474, Item No. 109335-ORG-MD, and RN 141887, indicating it was manufactured or otherwise distributed by TCEC; and

   b. By MILLS, bearing the label "TCEC," under Style No. CD03474 and RN 141887, indicating it was manufactured or otherwise distributed by TCEC.

14. A comparison of the Subject Design and one of the garments below makes apparent that the elements, composition, arrangement, layout, and appearance

of the designs are substantially similar. A representative comparison of the Subject Design and Offending Product appears below:

| Subject Design | Offending Products |
|---|---|
| Detail | Detail |
| Design | Garment |

15. In addition, on October 7, 2024, STAR sent correspondence to TCEC, MINT, and MILLS, respectively, demanding that they cease and desist from further use of the Subject Design. Moreover, the cease-and-desist correspondences each demanded its respective recipient provide STAR with information regarding the full

scope of their use of the Subject Design to explore an amicable resolution to this dispute. The parties were unable to resolve STAR's claims, STAR now seeks relief from this Court.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

16. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

17. Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

18. Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling the Offending Products through a nationwide network of retail stores, catalogues, and through on-line websites.

19. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

20. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Design in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 12, 2025

DONIGER / BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
David Shein, Esq.
Attorneys for Plaintiff